UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL ACTION NO. 2:89-CR-00050-DLB-EBA

UNITED STATES OF AMERICA,                                                                                   PLAINTIFF,

V.                            **REPORT AND RECOMMENDATION**

ABDUL-AZIZ RASHID MUHAMMAD,                                                                        DEFENDANT.

*** *** *** ***

Abdul-Aziz Rashid Muhammad, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence of 567 months. [R. 79]. Having been fully briefed, this matter is now ripe for review. For the following reasons, the Court RECOMMENDS that Muhammad's motion to vacate be GRANTED.

I. FACTS AND PROCEDURAL HISTORY

The United States Court of Appeals for the Sixth Circuit summarized the pertinent facts of this case as follows:

> In 1990, a jury convicted Muhammad of conspiracy to commit armed bank robbery, *see* 18 U.S.C. § 371; aiding and abetting armed bank robbery, see 18 U.S.C. § 2113(a) and (d), and § 2; using a firearm in the commission of a felony, *see* 18 U.S.C. § 924(c) and § 2; and being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1) and § 2. The district court sentenced Muhammad to an aggregate term of 567 months of imprisonment. The sentence included an enhancement under § 924(c), which required a mandatory consecutive twenty-year prison term because it was Muhammad's second § 924(c) offense—his having been previously convicted of using a firearm during a bank robbery. We affirmed his convictions and sentence on appeal. *United States v. Muhammad*, 948 F.2d 1449 (6th Cir. 1991). In 1997, Muhammad filed a § 2255 motion, which was unsuccessful. He has since filed several unsuccessful motions for authorization to file a second or successive § 2255 motion.

[R. 70]. In 2020, the Sixth Circuit granted Muhammad authorization to file a second or successive § 2255 motion to vacate relying on *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). [R. 77].

Muhammad then filed this successive motion to vacate. [R. 79]. Muhammad's sole claim is that his conviction under 18 U.S.C. § 924(c) should be invalidated in light of the Supreme Court's decision in *Davis*. [R. 77; R. 79].

## II. STANDARD OF REVIEW

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. Pursuant to 28 U.S.C. § 2255, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003), cert. denied, 540 U.S. 879 (2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Alternatively, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process. *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

## III. ANALYSIS

In *Davis*, the Supreme Court held that the definition of a crime of violence in 18 U.S. C. § 924(c)(3)(B), also known as the "residual clause," is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Prior to *Davis*, a "crime of violence" was defined in two distinct ways. Under the "elements" clause, a "crime of violence" is defined as a crime in which violence is an element of

the offense. 18 U.S.C. § 924(c)(3)(A). Under the "residual clause," a "crime of violence" was also defined as a crime that, by its nature, involved a substantial risk of use of physical force. 18 U.S.C. § 924(c)(3)(A). Thus, for purposes of § 924(c), "the sole definition of a 'crime of violence' after *Davis* is a crime in which violence is an element of the offense." *United States v. Bricker*, No. 1:05-CR-113, 2020 U.S. Dist. LEXIS 11272, at *1 (N.D. Ohio Jan. 22, 2020).

Muhammad's conviction on Count 3 for violation of 18 U.S.C. § 924(c) is predicated on his conviction on Count 1 for conspiracy to commit bank robbery. [R. 93 at p. 2 (citing Muhammad's indictment at 3-4); R. 79 at p. 12]. Muhammad argues, and the Government agrees, that conspiracy to commit bank robbery is no longer a crime of violence post-*Davis*. [R. 79 at p. 5; R. 93 at p. 2]. Indeed, courts have held that the crime of conspiracy to commit bank robbery does not include the element of violence necessary to constitute a crime of violence post-*Davis*. *See e.g. United States v. Jones*, 935 F.3d 266, 271 (5th Cir. 2019) (holding that Hobbs Act conspiracy was not a crime of violence after *Davis* because "conspiracy to commit an offense is merely an agreement to commit an offense" and thus does not satisfy the remaining use-of-force prong); *United States v. Lecron*, No. 3:19-CR-4, 2019 WL 2774297, at *3 (N.D. Ohio July 2, 2019) (holding that conspiracy convictions are no longer crimes of violence after *Davis*); *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) ("[C]onspiracy is a crime distinct from the crime that is the objective of the conspiracy. To convict [the defendant] of conspiracy to commit bank robbery, the government was not required to prove any element regarding the use, attempted use, or threatened use of physical force. Therefore, [the defendant's] conviction for conspiracy to commit bank robbery cannot be a [crime of violence] under § 924(c)(3)'s elements clause.").

Further, the Sixth Circuit has held that *Davis* applies retroactively to cases on collateral review. *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020). Thus, in light of the decisions in *Davis*

3

and *In re Franklin*, this Court recommends that Muhammad's conviction under § 924(c) be vacated.

Lastly, Muhammad should be resentenced on the remaining counts of his indictment. *See Pasquarille v. United States*, 130 F. 3d 1220, 1222 (6th Cir. 1997) (citing cases from every circuit holding that the district court has the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255). "[W]here a defendant is sentenced on multiple counts under the sentencing guidelines, there is often a 'sentencing package' where sentences imposed on the multiple counts are interdependent." *Id*. (citing *United States v. Clements,* 86 F.3d 599 (6th Cir. 1996)). A 924(c) offense and its underlying offense are interdependent, and thus must be considered as components of a single comprehensive sentencing plan. *Pasquarille* at 1222 (citing *United States v. Davis,* 112 F.3d 118, 121 (3d Cir. 1997)). "Therefore, § 2255 gives the court jurisdiction and authority to reevaluate the entire aggregate sentence to ensure that the defendant receives the appropriate sentence on the remaining count." *Pasquarille* at 1222.

Here, Muhammad's crimes are interdependent and thus his § 924(c) sentence must be considered as a component of a comprehensive sentencing plan. In June of 1989, Muhammad and his co-defendants stole a van and drove it to Florence, Kentucky, to rob a bank. [R. 79 at p. 11]. Armed with firearms, Muhammad and his co-defendants entered the Florence Deposit Bank and obtained approximately $227,000. *Id*. While trying to escape, they assaulted and attempted to harm several police officers. *Id*. The district court sentenced Muhammad to 327 months on Counts 1, 2, and 4 of the indictment. [R. 91 at p. 4 (citing Judgment at 2; Presentence Report at ¶¶ 48)]. On Count 3—the § 924(c)(1) offense— the district court sentenced Muhammad to a mandatory 240 months for a total of 567 months. *Id*. The district court properly considered the 20-year mandatory minimum sentence for Count 3 while calculating the 327-month consecutive sentence for the

4

remaining Counts 1, 2, and 4. *Id.* (citing *Dean v. United States*, 137 S. Ct. 1170, 1178 (2017) (holding that the court may take a consecutive § 924(c) sentence into account when determining a sentence for the predicate counts)). Thus, Muhammad is entitled to be resentenced on the remaining Counts 1, 2, and 4 of his indictment because they are part of a comprehensive sentencing plan.

## IV. RECOMMENDATION

Accordingly, having reviewed Muhammad's current motion to vacate [R. 79] in accordance with Rule 10 of the Rules Governing Section 2255 Habeas Cases, IT IS RECOMMENDED that:

1. Muhammad's motion to vacate his sentence under § 2255 [R. 79] be GRANTED;

2. Muhammad be scheduled for resentencing at the Court's earliest convenience.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed November 10, 2020.


Signed By:
*Edward B. Atkins* $\mathcal{EBA}$
United States Magistrate Judge