UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 2: 89-050-DCR |
| ) | and |
| V. ) | Civil Action No. 2: 20-085-DCR |
| ) | |
| ABDUL-AZIZ RASHID MUHAMMAD, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Last year, in *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the "residual clause" of 18 U.S.C. 924(c) is unconstitutionally vague. In 1990, Abdul-Aziz Rashid Muhammad was convicted, for the second time, of using a firearm during the commission of a bank robbery in violation of 18 U.S.C. § 371 and § 2113. As a repeat offender, his conviction carried a mandatory minimum term of imprisonment of not less than twenty years. 18 U.S.C. § 924(c)(1)(C). Muhammad has since filed a number of collateral attacks on his conviction. The present motion is before the Court following authorization from the United States Court of Appeals for the Sixth Circuit, who permitted Muhammad to "argue[] that *Davis* invalidated his § 924(c) conviction because his predicate conspiracy offense [under § 371] could have qualified as a crime of violence only under § 924(c)'s residual clause." [Record No. 77, p. 1]; 28 U.S.C. § 2255(h).

This matter was referred to United States Magistrate Judge Edward Atkins for a recommendation in accordance with 28 U.S.C. § 636. After the motion was fully briefed, Magistrate Judge Atkins issued his report, recommending that Muhammad's § 2255 motion

- 1 -

be granted. [Record No. 94] For the reasons stated below, the Court will adopt the recommendation.

## I.

Muhammad was convicted in 1974 and 1977 of crimes involving the use of a firearm. [Record No. 79, p. 13] He received sentences of twenty-one years and five years, respectively, for those offenses. [*Id.*]

In 1989, Muhammad and his co-conspirators stole a van in Newport, Kentucky. [Record No. 79, p. 11] Eight days later, the group traveled to Florence, Kentucky and robbed $227,000 from a bank. [*Id.*] Their getaway, however, was apparently thwarted by Florence Police Department officers, who they assaulted. [*Id.*] Muhammad was armed with three pistols during the offense. [*Id.* at p. 13]

He was later convicted of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371, aiding and abetting bank robbery in violation of 18 U.S.C. § 2113, using a firearm during the commission of a felony in violation of 18 U.S.C. § 924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. §922(g). [*See* Record No. 70, p. 1.] Muhammad was sentenced to a 567-month term of imprisonment, which included a mandatory twenty-year prison term because it was his second § 924(c) offense. [*Id.*]

## II.

A defendant challenging his sentence under 28 U.S.C. § 2255 must allege "an error of constitutional magnitude, a sentence imposed outside the statutory limits, or an error of fact or law that was so fundamental as to render the entire proceeding invalid" to succeed. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003). "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which

had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

This Court must make a *de novo* determination of those portions of the magistrate judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Here, the government does not oppose the motion. [Record No. 91] But even setting aside the parties' agreement that the motion should be granted, the Court has fully considered the record in this matter and concluded that relief under § 2255 is appropriate.

### III.

As noted, Muhammad challenges his sentence in light of *Davis*. [*See* Record No. 79, p. 6.] There, the Supreme Court found that the language of § 924(c)(3)(B) was unconstitutionally vague. 139 S. Ct. at 2336. That section defines the term "crime of violence," which is the predicate for an enhanced sentence under § 924(c)(1)(A). Prior to *Davis*, "crime of violence" meant a felony that either: "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the "elements clause"), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). § 924(c)(3)(B). Because convictions under the latter clause "depend[ed] on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case,'" the residual clause was deemed unconstitutionally vague. *Davis*, 139 S. Ct. at 2326 (quoting *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015)).

Muhammad argues -- and the government concedes -- that he could not be convicted of a § 924(c) violation after *Davis*. [Record Nos. 79, p. 6; 91, pp. 2-3]  This is because the "crime of violence" during which Muhammad "use[d] or carrie[d] a firearm" was the conspiracy to commit bank robbery, a crime that all agree is not contemplated by the elements clause. *See* 18 U.S.C. § 924(c)(1)(A).  After all, "the sole definition of a 'crime of violence' after *Davis* is a crime in which violence is an element of the offense." *United States v. Bricker*, No. 1:05-CR-113, 2020 WL 377820, at *3 (N.D. Ohio Jan. 22, 2020).  Because Muhammad's conviction under § 371 did not require an element of violence, the conviction under § 924(c) is invalid.  *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) ("Because *Davis* rendered [] § 924(c)(3)'s residual clause unconstitutional, Reece's three firearms convictions predicated on conspiracy to commit bank robbery" are invalid because they "do not qualify as [crimes of violence] under the elements clause . . . .").

Further, because *Davis* "narrowed § 924(c)(3) by concluding that its second clause was unconstitutional," it announced a new substantive rule that applies retroactively. *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020) (citing *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016)).  Thus, Muhammad is entitled to benefit from the decision in *Davis*, despite being convicted years before its announcement.

Finally, when a court concludes that a sentence is constitutionally invalid, § 2255(b) instructs the court to "resentence [the defendant] or grant a new trial or correct the sentence as may appear appropriate."  In such a case, "resentencing the defendant does nothing more than put him back in the same position he would have occupied had he not been convicted under § 924(c) in the first place." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997).  Where, as here, "a defendant is sentenced on multiple counts," the Court must "reevaluate the

entire aggregate sentence to ensure that the defendant receives the appropriate sentence on the remaining count[s]." *Id.* This is particularly true where the Court's sentence on the predicate count was impacted by a mandatory minimum term of incarceration, as the government argues is the case here. *See Dean v. United States*, 137 S. Ct. 1170, 1177 (2017) (holding that sentencing courts may "consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count."). Thus, Muhammad is entitled to be resentenced so the Court can determine a proper sentence in the absence of the § 924(c) conviction.

Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 94] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Abdul-Aziz Rashid Muhammad's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 79] is **GRANTED**.

3. Muhammad's prior sentence is **VACATED**.

4. Muhammad shall be resentenced on Counts 1, 2, and 4 of the indictment in Covington Criminal Action No. 2: 89-050 on **Thursday, February 11, 2021**, beginning at the hour of **10:00 a.m.,** at the United States Courthouse in Covington, Kentucky.

5. The United States Probation Office is **DIRECTED** to prepare a new Presentence Investigation Report, consistent with this Court's determination set out herein.

6. The United States Marshal is **DIRECTED** to take custody of Abdul-Aziz Rashid Muhammad, who is currently confined at FCI Butner (Butner, North Carolina), and have him in custody, in the Eastern District of Kentucky, **NO LATER THAN FOURTEEN**

**(14) DAYS prior to the scheduled sentencing date** to allow for consultation with counsel and preparation for the sentencing hearing to be held on February 11, 2021.

      7.      The Clerk of the Court is directed to select an attorney from the CJA list by random draw who will be appointed to represent Muhammad during resentencing proceedings. Upon preparation of a new Presentence Investigation Report, the Probation Office is **DIRECTED** to forward copies to counsel for the United States and the defendant.

      Dated:  November 24, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky